**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ERIC DE'JAUN JONES**                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 2:15cv78-KS-MTP**

**CITY OF PRENTISS, ET AL.**                                        **DEFENDANTS**

**REPORT AND RECOMMENDATIONS**

THIS MATTER is before the Court on the Complaint [1], Amended Complaint [11], and

Motion for Temporary Restraining Order [13], all filed by the Plaintiff Eric Jones.[1] Having carefully

considered the pleadings, the undersigned recommends that the Motion for Temporary Restraining

Order [13]  be DENIED, and the Complaint [1] and Amended Complaint [11] be dismissed for

failure to state a claim.

**BACKGROUND**

Plaintiff Eric Jones, proceeding *pro se* and *in forma pauperis*, filed this action on May 28,

2015.[2] The Court granted IFP status by Order [7], but directed no process to issue pending a

preliminary screening of the Plaintiff's claims.  The Court found the Plaintiff's complaint required

clarification, and directed him to file an amended pleading, which he submitted on July 14, 2015.

---

[1]Throughout his pleadings, Jones refers to himself as "Da Shade Tree Law E R." For the sake of clarity, the undersigned will refer to Jones as "Plaintiff."

[2]As will be set forth below, the Plaintiff was previously in the custody of the Mississippi Department of Corrections and incarcerated for a period of time. Pursuant to 28 U.S.C. § 1915, a prisoner cannot proceed *in forma pauperis* in a civil action if the prisoner has on three or more occasions brought a civil action that was dismissed as frivolous, malicious, or for failure to state a claim. The Plaintiff in this case received three "strikes" during his incarceration, and was therefore barred from proceeding IFP while detained. The Plaintiff was allowed to proceed IFP in the instant action because the limitation under Section 1915 does not apply to persons who are not incarcerated.

1

*See* Amended Complaint [9].[3]

The Plaintiff's claims and requested relief were clarified and amended at a lengthy screening hearing held on January 5, 2016.[4]  The Plaintiff's allegations arise from events that occurred while Plaintiff was either incarcerated or under the supervision of the Mississippi Department of Corrections ("MDOC"). Plaintiff seeks an unspecified amount of monetary damages. The undersigned will address the Plaintiff's allegations more fully below.

## **STANDARD**

The Court has granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915,[5] which imposes a screening responsibility upon the district court:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (b) the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claims on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (dismissing non-prisoner plaintiff's *in forma pauperis* complaint for frivolity and failure to state a claim under 28 U.S.C. § 1915(e)); *Dawson v. Parkland Health and Hosp. Sys*., No. 3:06cv1660-N, 2006 WL 3342622, at *1 n.1 (N.D. Tex. Nov. 17, 2006) (stating that § 1915(e) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases). Under this standard, a district court may dismiss, *sua sponte*, claims premised on meritless legal theories or that clearly lack any factual basis.

---

[3]The Plaintiff also filed two additional pleadings [11] & [18] without authorization under the Federal Rules of Civil Procedure and without leave of court. These pleadings were struck from the record by Order [25].

[4]*See* Minute Entry dated January 5, 2016; Exhibit List [24].

[5]*See* Order granting [2] Motion for Leave to Proceed *in forma pauperis*.

*Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A claim is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## ANALYSIS

### *Complaint [1] and Amended Complaint [9]*

In his complaint and amended complaint, the Plaintiff makes a myriad of allegations against various individuals and entities, including employees and officers of the MDOC, the city of Prentiss, Mississippi, and individuals employed by the Mississippi Department of Human Services ("DHS"). The undersigned will address each of the Plaintiff's allegations in turn.

### Time Credits

First, the Plaintiff alleges he lost time credits while in state custody. Specifically, the Plaintiff alleges that he was incarcerated and in the custody of the MDOC as of May 2012. He alleges that the MDOC issued him a certificate of earned release supervision ("ERS") on May 22, 2012, which provided that the Plaintiff was eligible to be released from custody on June 7, 2012, pursuant to Mississippi's earned time allowance and earned-release supervision program.[6]

Plaintiff alleges that following the issuance of the certificate, former MDOC Commissioner Christopher Epps wrongfully directed his subordinates to prevent the Plaintiff from being released from prison via the ERS program. The Plaintiff claims that his certificate of supervised release was

---

[6]"An inmate who meets the good conduct and performance requirements of the earned time allowance program may be released on his conditional earned time release date . . . . For any sentence imposed after June 30, 1995, an inmate may receive an earned time allowance of four and one-half (4-1/2) days for each thirty (30) days served if the department determines that the inmate has complied with the good conduct and performance requirements of the earned time allowance program." Miss. Code § 47-5-138(4)-(5).

then revoked, and in addition, he lost 36 months of time credits he had previously received.[7] In support of this claim, the Plaintiff offers an e-mail correspondence authored by Epps, which states as follows:

> I am directing you to hold up on processing Inmate Jones out on ERS. It is my belief and the belief of the sentencing judge and other officials that he did nothing to []earn the Trusty earned time he has received. Therefore; DCI Sparkman review and advise me in writing the day we should take him out of trusty earned time.[8]

The Plaintiff also offers a memorandum authored by E.L Sparkman, the Deputy Commissioner of the MDOC, and addressed to Christopher Epps, regarding the Plaintiff's trusty time removal.[9] The memo states that 36 months of the Plaintiff's trusty time should be revoked because it was improperly awarded in the first instance.

Plaintiff's allegations essentially challenge the fact or length of his previous incarceration, as he is arguing that his sentence was computed incorrectly and that time credits to which he was entitled were wrongfully revoked. The United States Court of Appeals for the Fifth Circuit has held that prisoner's challenge to the calculation of his time credits is improper when brought in a federal civil rights suit; rather, the prisoner must challenge the loss of credit in an application for writ of habeas corpus under Section 2254. *Whitehead v. Johnson*, 157 F.3d 384, 385-86 n.1 (5th Cir. 1998) (citing *Clark v. Stalder*, 154 F.3d 186, 193-94 (5th Cir. 1998) (*en banc*)). Moreover, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that in order to recover

---

[7]Although the Plaintiff refers to his time lost as "good time" credits, an exhibit he offered at the *Spears* hearing in support of his claims states that Plaintiff was not entitled to "trusty time." *See* Memo [24-3].

[8]*See* Plaintiff's Exhibit 2 [24-2].

[9]*See* Plaintiff's Exhibit 3 [24-3].

damages for allegedly unconstitutional imprisonment or sentence, a plaintiff must prove that the sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under Section 2254. 512 U.S. at 486-87.

Pursuant to the rule set forth in *Heck*, the propriety of a Section 1983 claim depends on whether a judgment in the Plaintiff's favor would necessarily imply the invalidity of his sentence. *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996). In the instant action, the Plaintiff's submissions and testimony at the screening hearing demonstrate that a judgment in his favor would necessarily imply the invalidity of his sentence, as it would indicate that his sentence calculation was improper. *See Allen v. State of Lousiana,* 2010 WL 5582938 (W.D. La. Nov. 29, 2010); (*Wilson v. Johnson*, 2007 WL 2823289 (E.D. Tex. Sept. 27, 2007) (holding that a prisoner's challenge to his sentence calculation were *Heck*-barred, as the challenge necessarily called into question the length of the prisoner's sentence, and the same had not been yet overturned). Moreover, the Plaintiff's allegations imply that his loss of trusty time–resulting in the loss of the opportunity to participate in the ERS program–was not only mistaken, but motivated by malice.

Based on the record before the Court, the undersigned finds the Plaintiff's allegations should be dismissed, as he has failed to show that his allegedly improper sentence calculation has been reversed on appeal, expunged, declared invalid or called into question. Indeed, it has come to light that Plaintiff already presented this argument in the context of a federal habeas petition, and that relief was denied by this Court.[10] The Plaintiff cannot recover monetary damages on this claim until

---

[10]Plaintiff filed a habeas petition in this Court on August 29, 2013, challenging his sentence calculation; namely, the loss of 36 months of trusty time. Following the report and recommendation of the magistrate judge, the court ruled that the Plaintiff's claim was without merit and dismissed his petition with prejudice. *See* Civil Action No. 3:13cv1039-CWR-FKB,

he makes the requisite showing under *Heck*.

The Plaintiff represented at the hearing that he was unable to offer this argument in his habeas proceedings because he was unaware of the documents indicating Christopher Epps's involvement. However, this assertion is patently false, as the very documents Plaintiff claims were unknown were, in fact, offered by him as exhibits in his habeas proceeding.[11] The allegedly "unknown" documents offered by the Plaintiff in this case are stamped as filed on April 16, 2014, in Civil Action No. 3:13cv1039-CWR-FKB, which is the case number for the Plaintiff's habeas petition that he filed in this Court.[12] Moreover, the docket in Civil Action No. 3:13cv1039-CWR-FKB reflects that the Plaintiff offered the documents in support of his Motion for an Evidentiary Hearing [23].

Accordingly, for the reasons set forth above, the undersigned finds that the Plaintiff has failed to state a claim in this regard.

## **Challenge to RVR**

Next, Plaintiff  claims that once he was eventually released from prison and returned to Prentiss, he was promptly arrested by Prentiss police officers. Due to the arrest, Plaintiff was issued a Rule Violation Report ("RVR") upon his return to MDOC custody, which revoked his ERS status and mandated his return to prison.[13]

---

Southern District of Mississippi.

[11]*See* Civil Action No. 3:13cv1039-CWR-FKB, Southern District of Mississippi, Docket Entry [24].

[12]*See* Plaintiff's Exhibits [24].

[13]*See* RVR [9] at 4.

To the extent the Plaintiff argues that the RVR is invalid, such a claim is *Heck* barred. The relevant RVR, submitted by the Plaintiff along with his Amended Complaint, states that he was found guilty of violating MDOC rules by being arrested for new crimes. The Plaintiff was afforded a hearing on the matter, and was found guilty by the hearing officer.  As a result, the Plaintiff's ERS classification was revoked. The Plaintiff states that he remained incarcerated for a substantial amount of time after the issuance of the RVR.

As outlined above, if success for the Plaintiff in a civil suit would challenge the constitutionality of his conviction or sentence, and he cannot show that the conviction has been reversed, expunged, invalidated, or called into question, the court may dismiss the suit as premature. *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994) (applying *Heck*, 512 U.S. 477); *see also Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (holding that "a 'conviction' for purposes of *Heck*, includes a ruling in a prison disciplinary proceedings that results in a change to the prisoner's sentence.").

At the hearing, the Plaintiff testified that he began to challenge the RVR, but that he does not know if his appeal was successful. As outlined above, a plaintiff bringing a civil suit challenging his sentence or confinement "**must prove**" that the conviction has been overturned, expunged, declared invalid, or called into question. *Heck*, 512 U.S. at 486-87 (emphasis added). The Plaintiff has failed to made this showing. Accordingly, the undersigned recommends dismissal of this claim.

**<u>Harassment</u>**

Plaintiff claims that the Mississippi Department of Human Services and special assistant attorney generals unduly harassed him. Specifically, Plaintiff states that he was contacted several times by DHS employees because he failed to make child support payments. He alleges that his child

support case was "served" by the office of Mississippi Attorney General.

In order to proceed with his allegations, the Plaintiff must state a claim over which this Court may exercise its jurisdiction. The undersigned is unaware of, and is not cited to any, authority for the proposition that general allegations of harassment constitute a freestanding cause of action under federal law.[14]

Moreover, although the Plaintiff alleges that he was contacted by DHS employees several times regarding unpaid child support payments, the Plaintiff conceded at the hearing held in this matter that he did, in fact, owe child support. That DHS employees encouraged the Plaintiff to make payments he actually owed offers little support to the Plaintiff's assertion that they were contacting him without a legitimate motive. Accordingly, because the Plaintiff's allegations fail to constitute a cognizable claim, the undersigned recommends that they be dismissed.

**Conspiracy**

Finally, Plaintiff claims that each of the Defendants' actions were part of a coordinated effort in an elaborate and far-reaching conspiracy to "banish" him from his hometown of Prentiss, Mississippi. He alleges that Christopher Epps, as well as other MDOC officials, conspired to prevent him from being released from prison because they knew he would return to Prentiss. He alleges that Prentiss police officers and other city officials conspired with Epps to ensure that Plaintiff remained in prison, or otherwise kept away from Prentiss. Lastly, the Plaintiff states that DHS employees and

---

[14]Plaintiff does not specify which federal cause of action the alleged "harassment" constitutes. Sometimes these allegations are brought in the context of sexual harassment claims pursuant to federal statute. *See Wilson v. Beaumont Indp. Sch. Dis.,* 144 F. Supp. 2d 690 (5th Cir. 2001) (analyzing sexual harassment claim brought by student pursuant to 20 U.S.C. § 1681), *Casiano v. AT&T Corp.*, 213 F.3d 278 (5th Cir. 2000) (considering sexual harassment claims brought by an employee pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*). However, the Plaintiff makes no such allegations here.

state attorneys were aware, or should have been aware, of Christopher Epps's wrongful actions, independently concluded that the actions were illegal, and should have alerted the proper authorities to ensure the Plaintiff's release from prison.

Despite the Plaintiff's allegation that he is being prevented from residing in Prentiss, the undersigned notes that his address of record in this matter is a post office box in Prentiss. Moreover, the Plaintiff testified at the hearing that he currently lives with his mother in Prentiss.

In order to state a claim, Plaintiff need not provide "detailed factual allegations," but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 50 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Dismissal for failure to state a claim is appropriate where the Plaintiff has failed to plead "sufficient factual mattter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. 544, 570). The Plaintiff must state enough facts to "nudge[ his]  claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

Plaintiff's allegation that a multitude of public officials and government entities conspired over the course of several years and across hundreds of miles to "banish" him from his small hometown in rural Mississippi is not only implausible, but practically inconceivable as well.  More importantly, as set forth below, Plaintiff's allegations are without a legal basis.

Banishment has been recognized as a possible constitutional violation, as well as a violation of public policy, where an individual convicted of a crime is banished from a geographical area as part of their sentence or condition of release. In this context, banishment is challenged on direct appeal or in a motion for post-conviction relief. *See Mackey v. State*, 37 So. 3d 1161 (Miss. 2010);

*McCreary v. State*, 582 So. 2d 425 (Miss. 1991); *Cobb v. State*, 437 So. 2d 1218 (Miss. 1983). In the instant action, the Plaintiff does not state, and the record does not reflect, that he was formally banished from any geographical area as punishment for a crime or as a condition of release. The Plaintiff's incarceration following a lawful conviction, and his return to prison subsequent to an additional arrest, does not constitute a claim of banishment.

Moreover, the Plaintiff has alleged no facts evidencing that he was, in fact, banished from Prentiss.  As outlined above, the Plaintiff currently resides there, and many of the alleged events giving rise to the supposed conspiracy occurred in Prentiss.

To the extent that the Plaintiff alleges that his revocation of time credits while in MDOC custody constitutes part of the conspiracy, such a claim is without merit. The Plaintiff alleges that Christopher Epps and Prentiss city officials conspired to revoke his time credits and prevent his return to Prentiss. However, as outlined above, the issue of whether the Plaintiff was entitled to additional time credits has already been decided by this Court in the context of a habeas petition, and the Plaintiff's argument was found to be without merit.[15]

Accordingly, for the reasons set forth above, the undersigned recommends dismissal of this allegation.

***Motion for TRO [13]***

Plaintiff has also filed a motion [13] entitled "Notice of Temporary Restraining Order and Complaint." A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened

---

[15]*See* Civil Action No. 3:13cv1039-CWR-FKB.

10

injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

The undersigned recommends that the motion be denied. First, the Plaintiff does not request any specific relief in the motion; rather, he offers additional facts in support of various allegations, some of which are not before this Court.[16] Moreover, even if the Plaintiff had requested some cognizable form of relief, the motion should nonetheless be denied. As outlined above, a party requesting a TRO must demonstrate, *inter alia*, a substantial likelihood of success on the merits. As the undersigned is recommending the dismissal of this action in its entirety for failure to state a claim, it necessarily follows that the Plaintiff has failed to make this showing.

## RECOMMENDATIONS

For the reasons set forth above, the undersigned recommends that the Motion for Temporary Restraining Order [13]  be DENIED, and the Complaint [1] and Amended Complaint [11] be dismissed for failure to state a claim.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

---

[16]For instance, information regarding the Plaintiff's allegations against David Mallard, his former landlord, is no longer relevant, as the Plaintiff has been denied leave to amend his complaint to include any claims against that individual. *See* Order [25].

11

District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 12th day of February, 2016.

s/ Michael T. Parker
United States Magistrate Judge

12