**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**ERIC DE'JAUN JONES** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 2:15-CV-78-KS-MTP**

**CITY OF PRENTISS, ET AL.** **DEFENDANTS**

**ORDER**

Plaintiff filed this action under 42 U.S.C. § 1983, claiming that Defendants falsely imprisoned him in violation of his civil rights. The Magistrate Judge entered his Report and Recommendation [26] on February 12 ,2016, in which he recommends that the Court deny the pending Motion for Temporary Restraining Order ("Motion for TRO") [13] and dismiss Plaintiff's Complaint [1] and Amended Complaint [11] for failure to state a claim. After reviewing the record and the applicable law, the Court finds that the Report and Recommendation [26] is both factually and legally accurate, and that it should be adopted as the opinion of the Court.

As required by 28 U.S.C. § 636(b)(1), the Court conducts an independent review of the entire record and a *de novo* review of the matters raised by Plaintiff's objections. In his Objection [28], Plaintiff asserts that he has made a valid claim of false imprisonment, to which the Magistrate Judge unreasonably applied the precedent from *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). Plaintiff does not attempt to explain how he believes *Heck* was misapplied, relying instead on his assertions that he has made a valid claim for false imprisonment. The Supreme Court in *Heck* held that "in order to recover damages for allegedly unconstitutional . . . imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87, 114 S. Ct.

2364. Plaintiff is attempting to bring a § 1983 claim for unconstitutional imprisonment and has failed to meet the requirements of *Heck*, as the Magistrate Judge properly found. His Objection [28], therefore, has no merit.

After reviewing the record, the Court concludes that the Magistrate Judge's Report and Recommendation [26] is an accurate statement and analysis of the law and facts. The Court adopts it as the opinion of the Court.

Plaintiff's Motion for TRO [13] is therefore **denied**, and Plaintiff's Complaint [1] and Amended Complaint [11] are **dismissed with prejudice** for failure to state a claim pursuant to the Court's screening responsibility under 28 U.S.C. § 1915(e)(2). The Court will enter a separate judgment in accordance with Rule 58.

SO ORDERED AND ADJUDGED this 29th day of February, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE